# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:17-CV-605-RJC-DCK

| | |
|---|---|
| CHARLES A. WOODS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| MANN+HUMMEL FILTRATION ) | |
| TECHNOLOGY US LLC, ) | |
| MANN+HUMMEL USA, INC., and ) | |
| MANN+HUMMEL FILTRATION ) | |
| TECHNOLOGY GROUP, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on Defendants' "Motion To Dismiss" (Document No. 4) filed October 16, 2017, and Plaintiff's "Amended Complaint" (Document No. 8) filed November 6, 2017. The pending motion to dismiss has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will <u>deny</u> the pending motion to dismiss as moot.

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

Plaintiff's "Amended Complaint" (Document No. 8) was timely filed as a matter of course. See Fed.R.Civ.P. 15(a)(1).  It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint");  Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008);  and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

Based on the foregoing, the undersigned will direct that the pending motion to dismiss be denied as moot.  This motion is denied without prejudice to Defendants filing a renewed motion to dismiss the Amended Complaint, if appropriate.

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendants' "Motion To Dismiss" (Document No. 4) is **DENIED AS MOOT**.

Signed: November 14, 2017

David C. Keesler
United States Magistrate Judge