# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:17-CV-605-RJC-DCK

| | |
|---|---|
| CHARLES A. WOODS, | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|   v. | )   **MEMORANDUM AND** |
| | )   **RECOMMENDATION AND** |
| | )   **ORDER** |
| MANN+HUMMEL FILTRATION TECHNOLOGY U.S. LLC, MANN+HUMMEL FILTRATION USA, INC., and MANN+HUMMEL FILTRATION TECHNOLOGY GROUP, INC. | ) |
| | ) |
|     **Defendants.** | ) |

**THIS MATTER IS BEFORE THE COURT** on Defendants' "Motion To Dismiss" (Document No. 10) filed November 20, 2017. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be <u>denied without prejudice</u>.

## I. BACKGROUND

Charles A. Woods ("Plaintiff" or "Woods") initiated this action with the filing of his "Complaint" (Document No. 1-1) in the Superior Court of Gaston County, North Carolina on May 25, 2017. "Defendants' Notice Of Removal" (Document No. 1) was filed on October 10, 2017. MANN+HUMMEL Filtration Technology U.S. L.L.C., MANN+HUMMEL Filtration USA, Inc., and MANN+HUMMEL Filtration Technology Group, Inc. (together, "Defendants" or "MANN+HUMMEL") then filed a "Motion To Dismiss" (Document No. 4) on October 16, 2017.

Defendants' "Motion To Dismiss" was subsequently denied as moot after Plaintiff filed an "Amended Complaint" (Document No. 8) on November 6, 2017. See (Document No. 9).

Plaintiff's "Amended Complaint" alleges various forms of employment discrimination against Defendants. (Document No. 8). Plaintiff was employed by Defendants for forty-three (43) years – between 1972 and 2015. (Document No. 8, p. 3). Plaintiff purportedly never took any time off until 2015, after he was diagnosed with prostate cancer. Id. Following surgery in April 2015, Plaintiff contends he was able to return to work in August 2015. (Document No. 8, p. 4). However, Plaintiff asserts that Defendants refused requests for reasonable accommodations based on Plaintiff's physical difficulties, refused requests to transfer to a comparable job, refused requests for leave under the Family and Medical Leave Act ("FMLA"), and refused to allow him to return to work. (Document No. 8, pp. 4-5). The "Amended Complaint" asserts eight (8) counts which include claims of: race discrimination; retaliation; violation of the FMLA; violation of the Americans with Disabilities Act ("ADA"); violation of the public policy of North Carolina, pursuant to the North Carolina Equal Employment Practices Act ("NCEEPA") N.C.Gen.Stat. 143; and violation of the North Carolina Wage and Hour Act ("NCWHA"). (Document No. 8, pp. 6-11).

Defendants' renewed "Motion To Dismiss" (Document No. 10) was filed on November 20, 2017. The pending "Motion To Dismiss" seeks dismissal of Counts One through Five, and Count Eight, pursuant to Fed.R.Civ.P. 12(b)(6). (Document No. 10). Apparently, Defendants do not seek dismissal of Plaintiff's claim that he was discriminated against in violation of the ADA. Id.

The pending motion has been fully briefed and is now ripe for review and a recommendation to the Honorable Robert J. Conrad, Jr.

## II.  STANDARD OF REVIEW

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007));  see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint

3

Case 3:17-cv-00605-KDB-DCK    Document 16    Filed 07/18/18    Page 3 of 6

in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

The crux of Defendants' argument for dismissal is that the "Amended Complaint" does not contain "[f]actual allegations [sufficient] to raise a right to relief above the speculative level." (Document No. 11, pp. 5-7, 11) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A key question that Defendants raise is whether Plaintiff has alleged adequate facts to show that he was terminated; or instead, was he constructively discharged, or did he simply retire from his employment with Defendants. (Document No. 11); see also (Document No. 8, p. 5).

In opposition to the instant motion, Plaintiff argues that the "Amended Complaint" is more than adequate pursuant to Fed.R.Civ.P. 8, Iqbal, and Twombly. (Document No. 13). However, Plaintiff has also requested that to the extent "further factual detail" is needed, he be allowed to further amend the complaint. (Document No. 13, pp. 8, 12).

The pending motion to dismiss presents a close call. Under the circumstances of this case, and in the interests of judicial economy and efficiency, the undersigned will direct Plaintiff to file a Second Amended Complaint. Although the existing complaint may be sufficient as to some of Plaintiff's claims, it is not a model of clarity and additional factual support would likely assist both the parties' and the Court's consideration of this matter. In addition to providing further factual detail as to all claims, Plaintiff's counsel might also consider organizing the counts/claims so that each clearly identifies a separate cause of action, the elements of that cause of action, and the factual support for that cause of action. While amending, Plaintiff should also carefully consider Defendants' arguments to date.

Noting that there is at least one claim that Defendants have not sought to dismiss, and therefore, that this litigation will likely continue regardless of the effectiveness of the Second Amended Complaint, the undersigned finds that counsel should promptly conduct an Initial Attorney's Conference and then file a Certificate of Initial Attorney's Conference. See Local Rule 16.1. As part of the Initial Attorney's Conference, the undersigned respectfully encourages counsel to discuss whether there is an opportunity to resolve, or at least narrow, the issues without further Court intervention. The undersigned observes that this case may be a strong candidate for early settlement.

Because the undersigned will allow Plaintiff's request to add factual detail, and thus file a Second Amended Complaint, the undersigned will recommend that the pending motion to dismiss be denied without prejudice. Further requests to amend the complaint are unlikely to be allowed.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff shall file a Second Amended Complaint on or before **August 10, 2018**.

**IT IS FURTHER ORDERED** that counsel for the parties shall conduct an Initial Attorney's Conference on or before **August 24, 2018**.

**IT IS RESPECTFULLY RECOMMENDED** that Defendants' "Motion To Dismiss" (Document No. 10) be **DENIED WITHOUT PREJUDICE**.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service

5

Case 3:17-cv-00605-KDB-DCK   Document 16   Filed 07/18/18   Page 5 of 6

of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO ORDERED AND RECOMMENDED**.

Signed: July 17, 2018

David C. Keesler
United States Magistrate Judge