# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:17-CV-605-RJC-DCK

| | |
|---|---|
| CHARLES A. WOODS, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) **ORDER** |
| | ) |
| MANN+HUMMEL FILTRATION<br>TECHNOLOGY US LLC,<br>MANN+HUMMEL USA, INC., and<br>MANN+HUMMEL FILTRATION<br>TECHNOLOGY GROUP, INC., | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**THIS MATTER IS BEFORE THE COURT** on "Defendants' Motion To Compel" (Document No. 23). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion.

## BACKGROUND

Charles A. Woods ("Plaintiff" or "Woods") initiated this action with the filing of his "Complaint" (Document No. 1-1) in the Superior Court of Gaston County, North Carolina on May 25, 2017. "Defendants' Notice Of Removal" (Document No. 1) was filed on October 10, 2017. Mann+Hummel Filtration Technology U.S. L.L.C., Mann+Hummel Filtration USA, Inc., and Mann+Hummel Filtration Technology Group, Inc. (together, "Defendants" or "Mann+Hummel") then filed a "Motion To Dismiss" (Document No. 4) on October 16, 2017. Defendants' "Motion To Dismiss" was subsequently denied as moot after Plaintiff filed an "Amended Complaint" (Document No. 8) on November 6, 2017. See (Document No. 9).

According to the Amended Complaint, Plaintiff was employed by Defendants for forty-three (43) years – between 1972 and 2015. (Document No. 8, p. 3). Plaintiff purportedly never took any time off until 2015, after he was diagnosed with prostate cancer. Id. Following surgery in April 2015, Plaintiff contends he was able to return to work in August 2015. (Document No. 8, p. 4). However, Plaintiff asserts that Defendants refused requests for reasonable accommodations based on Plaintiff's physical difficulties, refused requests to transfer to a comparable job, refused requests for leave under the Family and Medical Leave Act ("FMLA"), and refused to allow him to return to work. (Document No. 8, pp. 4-5).

Defendants' renewed "Motion To Dismiss" (Document No. 10) was filed on November 20, 2017. The Court subsequently directed Plaintiff to file a "Second Amended Complaint," and the renewed motion to dismiss was also denied as moot. See (Document No. 16, 18, 19).

The "Second Amended Complaint" asserts eight (8) counts, which include claims of: race discrimination; retaliation; violation of the FMLA; violation of the Americans with Disabilities Act ("ADA"); wrongful discharge in violation of the public policy of North Carolina, pursuant to the North Carolina Equal Employment Practices Act ("NCEEPA") N.C.Gen.Stat. 143; and violation of the North Carolina Wage and Hour Act ("NCWHA"). (Document No. 18, pp. 7-14).

The parties' "Certification And Report Of Fed. R. Civ. P. 26(F) Conference And Discovery Plan" (Document No. 20) was filed on August 23, 2018. The Court then issued its "Pretrial Order And Case Management Plan" (Document No. 22) on August 29, 2018. The "…Case Management Plan" includes the following deadlines: Rule 26 Disclosures – September 30, 2018; Discovery Completion – February 28, 2019; Dispositive Motions – March 28, 2019; and Trial – September 2, 2019. (Document No. 22). The "…Case Management Plan" also states that "[f]ailure to comply with any of the provisions of this Order which causes added delay or expense to the Court may

2

result in the imposition of sanctions as provided by the Federal Rules of Civil Procedure." (Document No. 22, p. 11).

On January 25, 2019, the pending "Defendants' Motion To Compel" (Document No. 24) was filed. The motion to compel asserts that Plaintiff has failed to provide his initial disclosures or any responses to Defendants' discovery requests. (Document No. 24).

On February 8, 2019, a day after his response to the pending motion was due, Plaintiff filed a motion seeking additional time to file a response. (Document No. 26). Plaintiff also stated that he would "provide these remaining discovery responses" on Monday, February 11, 2019. (Document No. 26, p. 2). The Court allowed Plaintiff additional time but noted that: "the instant motion is not timely filed since Plaintiff's response to the motion to compel was due by February 7, 2019; moreover, it does not appear that Plaintiff's counsel fully complied with the requirement of consultation pursuant to Local Rule 7.1(b)." (Document No. 27).

"Plaintiff's Response To Defendants' Motion To Compel" (Document No. 28) was filed on February 11, 2019; "Defendants' Reply To Plaintiff's Response To Defendants' Motion To Compel" (Document No. 29) was filed on February 14, 2019.

The pending motion is now ripe for review and disposition.

**STANDARD OF REVIEW**

Rule 26 of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a court may "issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed.R.Civ.P. 26(c)(1).

Whether to grant or deny a motion to compel is generally left within a district court's broad discretion. See, Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (denial of motions to compel reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting District Court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same).

> If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, **require** the party or deponent whose conduct necessitated the motion, the party **or attorney advising that conduct**, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed.R.Civ.P. 37(a)(5)(A) (emphasis added).

## DISCUSSION

Defendants note in the pending motion to compel that initial disclosures were due on September 30, 2018, and responses to Defendants' interrogatories and requests for production of documents were due on December 10, 2018. (Document No. 25, p. 2). Nevertheless, as of the date of Defendants' filing, Plaintiff had failed to provide either. (Document No. 25, pp. 2-3). Defendants contend that they made multiple good faith attempts to obtain the outstanding discovery through communications to Plaintiff's counsel – with no results. Id. Defendants now seek full discovery responses, as well as reasonable expenses as allowed by Fed.R.Civ.P. 37 (Document No. 25).

4

In response to the motion, Plaintiff states that "[f]or the most part, Plaintiff is constrained to concede the motion, and requests that the Court's order will permit him to provide the outstanding responses by February 15, 2019." (Document No. 28, p. 1). Plaintiff "urges the Court to deny" the request for sanctions. Id. The response does not mention Plaintiff's previous promise that the discovery responses would be provided by February 11, 2019. (Document No. 26, p. 2).

The response describes this as a "relatively straight-forward employment discrimination case," with facts well-known by the parties, and few documents in Plaintiff's possession. (Document No. 28, pp. 1-2). Plaintiff also acknowledges that "counsel's public service surely has played a role in the slowdown of this case." (Document No. 28, p. 2). Finally, Plaintiff argues that he is "unable to bear the expenses of any financial penalty being imposed upon him." (Document No. 28, p. 3).

In their reply, Defendants note that the discovery deadline was two (2) weeks away and Defendants had still, as of February 14, 2019, <u>not</u> received Plaintiff's discovery responses and disclosures. (Document No. 29, p. 1). Defendants note that Plaintiff makes no objections to the discovery requests, and asserts that Plaintiff's decision not to respond is deliberate and willful. (Document No. 29, p. 3).

Defendants go on to argue that a party wishing to avoid sanctions for noncompliance with discovery requests has the burden of proving the noncompliance was justified. Id. See also Fed.R.Civ.P. 37(a)(5)(A)(i)-(iii). "Plaintiff offers no justification, only feeble excuses." Id.

The undersigned finds Defendants arguments compelling; moreover, Plaintiff has failed to offer any excuse for his failure to participate in discovery in this case other than that his counsel's public service and/or pursuit of national office has slowed down the case. See (Document No. 28, p. 2). The compelled disclosures and responses were due in September and

5

December 2018, respectively; then counsel stated they would be provided by February 11, 2019, and finally that they would be provided by February 15, 2019. To date, the Court does not know if any of the outstanding discovery has been provided. Even if discovery has been completed, it was undoubtedly provided only after multiple requests by Defendants culminating in the instant motion to compel.

Plaintiff has failed to show any exceptions applicable here that should deter the Court from directing the payment of Defendants' reasonable expense and attorney's fees incurred in making this motion to compel. See Fed.R.Civ.P. 37(a)(5)(A)(i)-(iii). At most, Plaintiff's response suggests that *Plaintiff* is not personally responsible for the delays in this matter and/or is financially unable to bear a penalty. Instead, the response indicates that the shortcomings here are due to Plaintiff's counsel. As such, it appears to the undersigned that the motion to compel must be granted and that Plaintiff's counsel should be required to pay Defendants' "reasonable expenses incurred in making the motion, including attorney's fees." Fed.R.Civ.P. 37(a)(5)(A); see also (Document No. 22, p. 11).

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Defendants' Motion To Compel" (Document No. 23) is **GRANTED**. Plaintiff shall provide full and complete initial disclosures and responses to Defendants' discovery requests by **March 4, 2019**.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall confer with Defendants' counsel on or before **March 8, 2019**, in a good faith attempt to arrange Plaintiff's counsel's payment of reasonable expenses and attorney's fees as discussed herein. If counsel for the parties are unable to resolve the issues of expenses and fees, Defendants' counsel may promptly file a motion seeking such relief.

**SO ORDERED**.

Signed: February 28, 2019

David C. Keesler
United States Magistrate Judge